**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ASHWANY ASHWANY,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1699-G** |
| **FRED FIGUEROA et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ashwany Ashwany, a noncitizen proceeding with counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Charles B. Goodwin referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a Response and Petitioner filed a Reply and Motion for Judgment. (ECF No. 15, 16, & 19).

For the reasons set forth below, the undersigned recommends the Court **GRANT IN PART** Petitioner's request for habeas relief and order Respondents to provide Petitioner with an individualized custody hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.[2]

## I. BACKGROUND

Petitioner is a native and citizen of India who entered the United States at or near Lukeville, Arizona, on or about January 11, 2023. (ECF No. 1-1:2). On January 12, 2023,

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] If this recommendation is adopted, the Court should terminate ECF No. 8 as moot.

DHS served Petitioner with a Notice to Appear (NTA), placed him in standard removal proceedings under 8 U.S.C. § 1229a, and charged him with being inadmissible under § 212(a)(6)(A)(i) of the INA.[3] (ECF No. 1-1:2). The Department of Homeland Security (DHS) did not designate Petitioner as an "arriving alien." *Id.* On January 23, 2023, the DHS released Petitioner on an Order of Release on Recognizance issued "[i]n accordance with section 236 of the Immigration and Nationality Act [(INA)]."[4] (ECF No. 1-1:4).

On June 17, 2026, while working as a commercial truck driver, law enforcement stopped Petitioner and directed him to a nearby weigh station where he was encountered by ICE officials and re-detained. (ECF No. 1:2). Petitioner remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma.[5]

## II. PETITIONER'S CLAIMS

In the Petition, Mr. Ashwany presents two grounds for relief: (1) a violation of the Immigration and Nationality Act (INA) and (2) a violation of his Fifth Amendment right to Procedural Due Process. (ECF No. 1:14-15). Petitioner argues that his continued detention is unlawful; Respondents violated his procedural due process rights by summarily revoking his prior release; and a bond hearing will not cure the ongoing constitutional

---

[3] This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i), which provides that a noncitizen "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." *Id.* § 1182(a)(6)(A)(i).

[4] This section is codified at 8 U.S.C. § 1226, which authorizes the release of a noncitizen arrested and detained pending removal proceedings on bond or "conditional parole." *Id.* § 1226(a)(2).

[5] Although Petitioner is not appearing in the ICE Detainee Locator, on September 17, 2026, Respondents notified the Court that Petitioner still remained in custody at the Diamondback Correctional Center. *See* ECF No. 18.

violation (ECF No. 1:7-12). As a result, Petitioner seeks his immediate release, or, alternatively, a bond hearing. (ECF No. 1:15 & 16:3-4). Petitioner also seeks declaratory relief, and his attorney requests an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA). (ECF No. 1:15-16).[6]

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. DISCUSSION

### A. Section 1226(a) Governs Petitioner's Detention

Petitioner contends his detention is governed by § 1226(a), not § 1225(b). (ECF No. 1:7-8, 14). Respondents previously treated Petitioner as subject to mandatory detention under § 1225(b). (ECF No. 1:3; ECF No. 1-2:2-3). They now state that "this matter is largely controlled by the Tenth Circuit's opinion in [*Santillan*] *Quiroz v. Mullin*, [180 F.4th 1226 (10th Cir. 2026)]." (ECF No. 15:1).[7]

---

[6] To the extent that Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this time.

[7] Respondents maintain that the Fifth and Eighth Circuits correctly construed § 1225(b)(2)(A) and do not waive appellate review. (ECF No. 15:2 & n.2) (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). This Court is bound by *Santillan Quiroz*.

Sections 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."); *id.* at 1240 ("§ 1225(b)(2)(A)'s application is limited to the border.").

Petitioner was not "seeking admission" at the border when ICE re-detained him. DHS released him into the interior under § 1226 in January 2023, charged him as present without admission rather than as an arriving alien, and re-detained him years later after a traffic stop. *See supra*. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 (W.D. Okla. July 14, 2026).

This Court has consistently held that noncitizens released into the interior and later re-detained by ICE are detained under § 1226(a). *See Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *1-2 (W.D. Okla. July 1, 2026) (rejecting the "theory that Petitioner retains his status as an 'arriving' noncitizen subject to mandatory

detention under § 1225(b)(1) irrespective of the fact that Petitioner was released and allowed to live in the country for several years"). Section 1226(a) therefore controls Petitioner's current detention and entitles him to a bond hearing. *Ramos Perez*, 2026 WL 2033144, at *2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13)

### B. A Bond Hearing is the Appropriate Remedy

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, Petitioner has been detained since at least June 2026, and the IJ declined to conduct a custody redetermination on the premise that § 1225(b)(2)(A) applies. (ECF No. 1-2:2-3). *See Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226").

The Court should thus grant the Petition, in part, and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order

the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025). The Court should decline Petitioner's request for immediate release,[8] and his remaining request for ancillary relief.[9]

**C. The Court Should Decline to Address Petitioner's Remaining Claim**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

---

[8] Petitioner argues that a bond hearing before an IJ is an inadequate remedy given the "Government's initial deprivation of his liberty occurred without the process required by the Fifth Amendment." (ECF No. 16:4). Judges in this District have, on occasion, ordered release where ICE revoked a non-citizen's release without changed circumstances or proper procedures, but they have declined to do so where the non-citizen's prior release was itself an exercise of DHS discretion. The distinction derives from longstanding BIA precedent providing that "where a previous bond determination has been made by an immigration judge, no change should be made . . . absent a change of circumstance." *Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981); *see also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (describing Sugay as "an important implicit limitation" on the discretion § 1226(b) grants DHS to re-detain non-citizens previously released on bond). By its terms, that limitation attaches to a bond determination made by an Immigration Judge. Here, DHS, in its discretion, authorized Petitioner's initial release on his own recognizance, and Petitioner identifies no custody determination by an Immigration Judge that his re-arrest disturbed. Accordingly, Petitioner has not demonstrated that the circumstances of his re-detention entitled him to habeas relief in the form of release rather than a bond hearing.

[9] Petitioner's request for a declaration that his arrest and detention are unlawful do not require any action given the recommended disposition.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT IN PART** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.[10] The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order, and to promptly provide a copy of the Court's order to the Warden of the Diamondback Correctional Facility.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 7, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 30, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

[10] Entry of this recommendation renders Petitioner's Motion for Judgment (ECF No. 19) moot.